# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-4735-GW(JCGx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Tom S. Pokavat v. Northland Group, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kane Tien | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Arshak Bartoumian | Keith A. Yeomans<br>Jeffrey A. Topor |

**PROCEEDINGS:** **DEFENDANT ALLIANCEONE RECEIVABLES MANAGEMENT INC's MOTION TO DISMISS COMPLAINT (filed 09/07/12)**

**DEFENDANT REDLINE RECOVERY SERVICES LLC's MOTION TO DISMISS AND REQUEST FOR SANCTIONS AGAINST ARSHAK BARTOUMIAN (filed 09/12/12)**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's final ruling. The Court **GRANTS** the two Motions listed above, with 10 days leave to amend. The Court will consider sanctions if Plaintiff includes the FCRA claim in the Amended Complaint.

Plaintiff informs the Court that they will amend the complaint. Defendant IC System, Inc.'s Motion to Dismiss (Dkt. 17), Defendant MRS BPO LLC's Motion to Dismiss (Dkt. 23), and Plaintiff's Motion for Leave to Amend (Dkt. 25) are thereby rendered **MOOT** and taken off calendar.

: 04

Initials of Preparer KTI

*Pokavat v. Northland Group, Inc., et al.*, Case No. 12-cv-04735-GW-JCG
Tentative Rulings on: (1) Defendant AllianceOne Receivables Management, Inc.'s
Motion to Dismiss Complaint, and (2) Defendant Redline Recovery Services, LLC's
Motion to Dismiss Tom S. Pokavat's Complaint and Request for Sanctions Against
Arshak Bartoumian

## I. Background

Tom S. Pokavat ("Plaintiff") filed a Complaint in this action on June 4, 2012, attempting to state claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Fair Credit Reporting Act ("FCRA"), the Consumer Credit Reporting Agencies Act ("CCRAA"), defamation-libel and invasion of privacy/false light. Defendants AllianceOne Receivables Management, Inc. ("AllianceOne") and Redline Recovery Services, LLC ("Redline") now separately move to dismiss. Plaintiff has not opposed either motion.[1] As such, the Court could consider Plaintiff's non-opposition to be a concession to the action's dismissal, at least insofar as AllianceOne and Redline are concerned. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting…of the motion."). Because they, for the most part, raise the same arguments, the Court will consider the two motions together.

## II. Legal Standard

Under Fed. R. Civ. Pro. 12(b)(6), a court must (1) construe the complaint in the light most favorable to the plaintiff, and (2) accept all well-pled factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need

---

[1] On October 5, 2012, Plaintiff attempted to file a First Amended Complaint ("FAC"), but did so without seeking leave of court pursuant to Rule 15 of the Federal Rules of Civil Procedure. Such leave would have been necessary, at least insofar as amending *vis a vis* AllianceOne and Redline (because they filed their motions more than 21 days before October 5). *See* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2011) §§ 8:1402-1411, at 8-154 – 155. The Court will discuss that attempted filing with the parties at the hearing on these motions, if indeed Plaintiff makes an appearance at that hearing. The Court notes at this time that if it permits Plaintiff to file the FAC, it reinvigorates Redline's request for sanctions (though perhaps not as a live issue at *this* time on *these* motions), an issue upon which the Court would likely rule in favor of Plaintiff (or, rather, Plaintiff's counsel) at *this* time. *See* Footnote 3, *infra*.

1

not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Similarly, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556, 570; *see also Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson*, 534 F.3d at 1121-22; *see also Twombly*, 550 U.S. at 561-63 (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

### III. Analysis

In this case, Plaintiff makes only a single pertinent factual allegation against AllianceOne and a single pertinent factual allegation against Redline – that each "obtained his credit bureau reports from CRAs" and "pulled and reviewed" his "personal financial and credits [sic] information" on August 3, 2010, and August 21, 2010, respectively. *See* Complaint at 8:26-9:2.

#### A. FCRA

Plaintiff's FCRA claim requires an allegation that the defendants accessed his credit report without a permissible purpose. *See* Complaint at 13:10-13. Here, the

Complaint itself reveals that they had such a permissible purpose. Plaintiff alleges that AllianceOne and Redline obtained his credit bureau reports because they "must have tried to purchase debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on," (conclusorily) alleges that AllianceOne and Redline are debt collectors and "collection agencies that are in the business of collecting consumer debts," and that they were engaged in "collection tactics." *See* Complaint at 7:17-18, 9:4-9, 13:14-15. Plaintiff has therefore pled himself out of this claim.[2] *See* 15 U.S.C. § 1681b(a)(3)(A) (indicating that a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe...intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the...review or collection of an account of, the consumer"); *see also Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 (9th Cir. 1997) (discussing how a plaintiff can plead himself out of court based upon factual admissions). The Court would therefore dismiss it without leave to amend.

### B. FDCPA/RFDCPA

Plaintiff's FDCPA claim is based upon violations of 15 U.S.C. §§ 1692e(10), 1692e(11), 1692f, and 1692g(a). *See* Complaint at 12:5-14. Because the RFDCPA incorporates provisions of the FDCPA, including those provisions Plaintiff relies upon here, these claims rise or fall together. *See* Cal. Civ. Code § 1788.17 (incorporating 15 U.S.C. §§ 1692b-1692j into California law); Complaint at 12:22-27. In this action, they fall.

Plaintiff has not made out a claim under 15 U.S.C. §§ 1692g(a) or 1692e(11) because he has not alleged that either AllianceOne or Redline had *any* communication with him. *See* 15 U.S.C. § 1692g(a) (requiring a written notice from a debt collector "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt"); 15 U.S.C. § 1692e(11) (providing that a failure to disclose

---

[2] Plaintiff does not allege that he was not "involv[ed]" in the "credit transaction" leading to the collection activities. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674-76 (9th Cir. 2010); *see also Grigoryan v. Convergent Outsourcing, Inc.*, CV 12-1499-CAS (PLAx), 2012 U.S. Dist. LEXIS 137673, *11 (C.D. Cal. Sept. 24, 2012) ("While defendants *could* permissibly obtain plaintiff's credit report in connection with the collection of a debt they had been authorized to collect on behalf of a third party, where that third party had entered into a consumer credit transaction with plaintiff, there are no allegations in plaintiff's complaint that support such a finding here.").

certain information in an "initial communication" with a consumer is a violation of section 1692e); *see also Consumer Solutions REO, LLC v. Hillery*, No. C-08-4357, 2010 U.S. Dist. LEXIS 1437, *15 (N.D. Cal. Jan. 8, 2010) (noting that section 1692g(a) "talks about an 'initial communication *with* a consumer,' not an initial communication *from* a consumer") (Chen, Mag. J.). In fact, he has specifically alleged that AllianceOne and Redline did *not* communicate with him. *See* Complaint at 10:27-11:16.

Relief under 15 U.S.C. §§ 1692e(10) and 1692f, meanwhile, would require that AllianceOne and Redline used "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning" Plaintiff, 15 U.S.C. § 1692e(10), and used "unfair or unconscionable means to collect or attempt to collect," 15 U.S.C. § 1692f. There are no facts suggesting either AllianceOne or Redline have engaged in such conduct. Indeed, insofar as accessing Plaintiff's credit report was a permissible purpose under the FCRA, such conduct could not possibly be actionable under these provisions of the FDCPA and RFDCPA. *See* Complaint at 13:16-20 ("[T]he credit review inquiries, while a clear violation of fair credit reporting laws, based on the circumstances of this case also constitute unlawful collection attempts under Federal and State Fair Debt Collection Practices Acts."); *see also Grismore v. United Recovery Sys., L.P.*, No. CV-05-2094-PHX-JAT, 2006 U.S. Dist. LEXIS 54859, *12-13 (D. Ariz. Aug. 3, 2006).

In sum, the Court would dismiss these two claims for relief.

C. <u>CCRAA</u>

Plaintiff alleges that AllianceOne and Redline subjected him to "unfair credit reporting practices," again due to a supposed impermissible purpose in obtaining and reviewing his credit report, in violation of California Civil Code § 1785.11. *See* Complaint at 13:28-14:3; Cal. Civ. Code § 1785.11 (setting forth obligations and prohibitions for "consumer credit reporting agenc[ies]"); *id.* § 1785.11(a)(3)(A), (b)(1)-(2). Amongst the arguments AllianceOne and Redline make in connection with Plaintiff's CCRAA claim is that the CCRAA (or at least *section 1785.11*) only applies to consumer credit reporting agencies and neither AllianceOne nor Redline are alleged to be consumer credit reporting agencies (or to have *furnished* any information to any credit reporting agency). *See* Complaint at 4:27-5:1 ("CCRAA also regulates consumer credit

4

reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file."); *see also Ayvazian v. Moore Law Group*, No. 2:12-CV-01506-ODW(Ex), 2012 U.S. Dist. LEXIS 88556, *8-9 (C.D. Cal. June 26, 2012) ("The CCRAA applies on its face only to the *furnishing of* a consumer credit report *by a consumer credit reporting agency*."); *Minasyan v. Creditors Fin. Group, LLC*, No. 2:12-cv-01864-ODW (MANx), 2012 U.S. Dist. LEXIS 85092, *5-6 (C.D. Cal. June 19, 2012). *But see Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1 (2003) ("A person…who obtains a consumer credit report for purposes other than those approved in Civil Code section 1785.11 may be held liable for damages or a civil penalty pursuant to Civil Code *sections 1785.19 and 1785.31*.") (emphasis added).

Plaintiff – having not opposed these motions and arguments – has not presented any argument for why AllianceOne or Redline should be held liable under a statutory section that does indeed appear to relate primarily to consumer credit reporting agencies. As such, the Court would dismiss the claim.

D. Defamation/False Light

Amongst the arguments AllianceOne and Redline make in connection with Plaintiff's defamation-libel and invasion of privacy/false light claims is the contention that both torts require a defendant's publication and Plaintiff has not alleged one. *See Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) ("Under California law, defamation 'involves the intentional *publication* of a statement of fact which is false, unprivileged, and has a natural tendency to injury or which causes special damage.'") (quoting *Gilbert v. Sykes*, 147 Cal.App.4th 13, 27 (2007)) (emphasis added); *Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002) ("To prevail on this false light claim, Solano must show that: (1) Playgirl disclosed to one or more persons information about or concerning Solano that was presented as factual but that was actually false or created a false impression about him…."); *Hawran v. Hixson*, 209 Cal.App.4th 256, ___, 147 Cal.Rptr.3d 88, 106 (2012) (indicating that false light invasion of privacy claim poses the same requirements as defamation claim). AllianceOne and Redline merely reviewed Plaintiff's credit report and a credit reporting agency reported that review. *See* Complaint at 9:23-25 ("Defendants' credit reviews resulted in credit inquiries, which are reflecting

5

on Plaintiff's credit reports until today."). The Court need not consider Redline's preemption argument in order to determine that dismissal is warranted on this ground.

## IV. Conclusion

With the exception of the FCRA claim, all of Plaintiff's claims could conceivably be amended to state a claim. However, as noted, Plaintiff has not opposed either motion at all, much less in a way to suggest how he would amend (or even that he would like to amend). While that, in and of itself, might not be sufficient to convert what would ordinarily most appropriately consist of a dismissal with leave to amend into a dismissal without leave to amend, if Plaintiff and/or his counsel do not appear at the hearing on the motion, the Court would strongly consider simply dismissing the entire action without leave to amend, at least insofar as AllianceOne and Redline are concerned.[3]

---

[3] Redline has requested that the Court issue sanctions against Plaintiff's counsel because similar (or effectively identical) complaints filed by counsel have been rejected as failing to state a claim. Redline cites to five decisions issued between June 19, 2012 and August 15, 2012. However, Plaintiff lodged/filed this action at the end of May/beginning of June. As of that time, therefore, Plaintiff's counsel was not yet "on notice" that his theories were fatally flawed, even assuming that such notice could be a basis for sanctions pursuant to the Court's inherent authority. Moreover, Plaintiff and his counsel have not opposed these motions, suggesting that they have "given up the ghost" on the case and Plaintiff's counsel's theories. *But see* Footnote 1, *supra*. As such, the Court denies Redline's request for sanctions.